FILED

**NOT FOR PUBLICATION**

FEB 14 2013

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

JACOB IKEOKWU-ONYMAECHI, AKA
Tommy Bissi Chibuozo, AKA Jacob
Onyemaechi Ikeokwu,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 10-72880

Agency No. A027-137-374

ORDER AND MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 3, 2012
Pasadena, California

Before: PREGERSON, PAEZ, and HURWITZ, Circuit Judges.

Petitioner Jacob Ikeokwu, a native and citizen of Nigeria, seeks review of

the Board of Immigration Appeals ("BIA") decision denying his application for

asylum and withholding of removal. This court has jurisdiction under 8 U.S.C. §

1252, and reviews for substantial evidence, *INS v. Elias-Zacarias*, 502 U.S. 478,

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

481 (1992). We remand this case to the BIA for further proceedings on Ikeokwu's asylum and withholding of removal claims.

The record compels a finding that Ikeokwu suffered past persecution based on his membership in the Christian Igbo tribe, which is also known as the Ebu tribe. This past persecution creates a rebuttable presumption that Ikeokwu credibly fears future persecution. *Deloso v. Ashcroft*, 393 F.3d 858, 863 (9th Cir. 2005).

To establish "past persecution, an applicant must show: (1) an incident, or incidents, that rise to the level of persecution; (2) that is on account of one of the statutorily-protected grounds; and (3) is committed by the government or forces the government is either unable or unwilling to control." *Navas v. INS*, 217 F.3d 646, 655-56 (9th Cir. 2000) (internal quotations omitted).

We accept Ikeokwu's testimony as true because neither the Immigration Judge nor the BIA made an adverse credibility finding. *Cole v. Holder*, 659 F.3d 762, 770 (9th Cir. 2011). Ikeokwu testified that when he was eleven or twelve-years-old, he witnessed approximately forty-five Hausa-Fulani Muslims ride horses into his village screaming "Kill the Ebus . . . we are Hausa, we are Fulani. Kill the Ebus." The group burned down Ikeokwu's father's home, caught Ikeokwu, and slashed him on the leg while he was trying to run away. Ikeokwu

also saw his best friend killed outside of a church by a group of Hausa Fulani yelling "kill the Ebus, kill the Ebus."

These incidents would likely rise to the level of persecution even if Ikeokwu experienced them as an adult, and they clearly meet the standard for persecution because Ikeokwu suffered them as a child. *See Hernandez-Ortiz v. Gonzales*, 496 F.3d 1042, 1046 (9th Cir. 2007) (holding that the IJ committed legal error because she did not "measure the degree of [applicants'] injuries by their impact on children of their ages").

The BIA erroneously concluded that Ikeokwu's past persecution was not based on a protected ground. Ikeokwu's testimony demonstrates that he was persecuted in Nigeria because he is a member of the Igbo tribe—when the Hausa-Fulani burned down Ikeokwu's home and killed his best friend, they shouted "Kill the Ebus, Kill the Ebus." Igbo members are part of the Christian religion and Ebu social group. Thus, Igbo membership is a protected ground. *See* 8 U.S.C. § 1158 (An asylum applicant must establish that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting that applicant."). Ikeokwu testified that his Igbo membership motivated the persecution, and he thus established a nexus to a protected ground. *See Antonyan v. Holder*, 642 F.3d 1250, 1254-56 (9th Cir. 2011)

3

(accepting petitioner's factual testimony as undisputed and concluding that the BIA erred in finding no nexus).

The existence of general civil strife in Nigeria does not preclude relief for Ikeokwu. *See Sinha v. Holder*, 564 F.3d 1015, 1022-23 (9th Cir. 2009) ("To suggest . . . that the violence directed against one individual is somehow *less* 'on account of' his race because many other individuals of his ethnic group are *also* being targeted on account of their race is entirely illogical and has no support in the case law.") (emphasis in original). Rather, the targeting of Igbo members helps establish Ikeokwu's asylum eligibility. *See* 8 C.F.R. § 1208.13.

Because Ikeokwu demonstrated past persecution, fear of future persecution is presumed. *Deloso*, 393 F.3d at 863-64. On remand to the BIA, the burden shifts to the government to show, by a preponderance of the evidence, that there has been a fundamental change in circumstances such that Ikeokwu no longer has a well-founded fear of persecution, or that Ikeokwu could avoid future persecution by relocating to another part of Nigeria. *Id.*

Finally, we are concerned that Ikeokwu has been detained since October 2008 without a bond hearing. *See Diouf v. Napolitano*, 634 F.3d 1081, 1092 (9th. Cir. 2011) (holding that an alien detained six months or longer after entry of a final order of removal is entitled to a bond hearing). Ikeokwu is entitled to a bond

4

hearing both because this court stayed his removal, and because we are remanding Ikeokwu's case for further administrative proceedings. *Casas-Castrillon v. Department of Homeland Security*, 535 F.3d 942, 951 (9th Cir. 2008). An administrative request for a bond hearing can be filed with the Immigration Court.

We **GRANT** the petition for review and **REMAND** to the BIA for further proceedings consistent with this disposition. This panel retains control over future appeals on Ikeokwu's case.

We **GRANT** all outstanding motions.